UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARRELL MORGAN (#112746)

VERSUS                                    CIVIL ACTION

JAMES M. LEBLANC, ET AL                   NUMBER 12-413-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 3, 2012.

                                         STEPHEN C. RIEDLINGER
                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARRELL MORGAN (#112746)

VERSUS                                                    CIVIL ACTION

JAMES M. LEBLANC, ET AL                          NUMBER 12-413-FJP-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate currently confined at Wade Correctional Center, Homer, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc,[1] Louisiana State Penitentiary ("LSP") Warden Burl Cain, Maj. Antonio Whitaker, Capt. Cody Butler and the Louisiana Department of Public Safety and Corrections. Plaintiff alleged that while confined at LSP, he was issued a false disciplinary report and was denied due process at a disciplinary board hearing and on appeal, all in violation of his constitutional rights.

**I. Applicable Law and Analysis**

**A. Screening**

A prisoner's civil rights complaint is subject to dismissal if it is frivolous, malicious, fails to state a claim upon which

---

[1] This defendant is identified as James M. LeBlanca in the caption of the Complaint.

relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). The screening provision of 28 U.S.C. § 1915A "applies regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis*." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). Plaintiff has paid the full filing fee.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).

### B. Eleventh Amendment Immunity

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it

maintains.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

### C. False Disciplinary Report

Plaintiff alleged that on November 4, 2011, Capt. Butler issued him a false disciplinary report and placed him in administrative lockdown.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing.  *Collins v. King*, 743 F.2d 248 (5th Cir. 1984).  The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977).  These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

An inmate may be placed in administrative lockdown pending completion of an investigation into misconduct charges against him. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983).

### D. Denial of Due Process

Plaintiff alleged that he was denied due process at the disciplinary board hearing and on appeal.

In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293 (1995), the Supreme Court held that the Due Process Clause itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). The Court further held that only those restrictions which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" will invoke the prospect of state-created liberty interests. While *Sandin* made it clear that punishments which impact upon the duration of confinement,[2] or which exceed the sentence in an unexpected manner,[3] may give rise to protection by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. Thus, the plaintiff's sentence of a quarter's change to Camp J extended lockdown[4] did not infringe upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment.

## II. Conclusion

Because it is clear that the plaintiff's claims have no

---

[2] *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974); *Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415 (1987).

[3] *See, e.g., Vitek v. Jones*, 445 U.S. 480, 493, 100 S.Ct. 1254, 1263-64 (1980) (transfer to mental hospital); *Washington v. Harper*, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037 (1990) (involuntary administration of psychotropic drugs).

[4] *See* Disciplinary Report, record document number 6-1, p. 13.

arguable basis in fact and in law, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and(2) as frivolous and for seeking relief from a defendant who is immune from such relief.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915A(b)(1) and (2), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, October 3, 2012.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE